UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-cv-20608-BLOOM/Otazo-Reyes

TINA MARIE BARBUTO,

    Plaintiff,

vs.

MIAMI HERALD MEDIA COMPANY,
and DAVID J. NEAL,

    Defendants.
_____/

**DEFENDANT DAVID J. NEAL'S MOTION TO DISMISS
AMENDED COMPLAINT AND LAWSUIT WITH PREJUDICE**

Defendant David J. Neal ("Neal"), pursuant to Federal Rule of Civil Procedure 12(b)(6), moves for entry of an order dismissing the Amended Complaint and this action with prejudice. In support, Neal states as follows:

**Background and Procedural History**

1. This is an action based on the publication of two articles in *The Miami Herald* on February 13, 2019 ("Article 1") and October 13, 2019 ("Article 2") (collectively, the "Articles").

2. One of the subjects of the Articles was Barbuto's role in a multi-million dollar healthcare fraud in which she pled guilty to conspiracy with persons known and unknown to commit health care fraud. *See* Factual Proffer, attached as **Exhibit A** and Plea Agreement, attached as **Exhibit B**[1]. For her role in the fraudulent scheme, Barbuto was sentenced to three years in federal prison.

---

[1] When considering a 12(b)(6) motion to dismiss, the court's review is generally limited to the four corners of the complaint, but the court may also consider documents incorporated into the complaint by reference and matters of which a court may take judicial notice." *Corsi v. Newsmax*

3. On February 12, 2021, Plaintiff filed her initial Complaint that named only the Miami Herald Media Company ("MHMC") as a defendant.

4. On May 10, 2021, Plaintiff filed her Amended Complaint that added Neal as a defendant.

5. The Amended Complaint asserts two counts: Count I is for Defamation and Defamation Per Se by Implication against both MHMC and Neal.  Count II is for Vicarious Liability for Defamation and Defamation Per Se by Implication against only MHMC.

6. Only Count I is at issue in this Motion to Dismiss.

7. Barbuto's allegations comprising Count I are straightforward: *The Articles created defamatory implications by failing to disclose publicly available facts and juxtaposing facts in such a way that caused a defamatory implication.*  Am. Compl. ¶ 3 (ECF. No. 10).

8. Barbuto alleges three defamatory implications: *(1) She was a major participant in the fraudulent scheme, (2) She decided on her own to become a major participant in the fraudulent scheme, and (3) She desired to and did "line her own pockets" as a result of the fraud.  Id.* at ¶ 6.

9. Defamation is governed by state law, in this case Florida, and the various defamation privileges are an integral part of the law of defamation.  *Rendon v. Bloomberg, L.P.,* 403 F. Supp. 3d 1269, 1275-76 (S.D. Fla., 2019).

10. As explained below, the Amended Complaint must be dismissed with prejudice.

**Legal Memorandum**

1. **Barbuto Failed to Provide Neal with the Mandatory Presuit Notice.**

---

*Media, Inc.*, 2021 WL 626855, at *4 (S.D. Fla. Feb. 12, 2021).  Barbuto repeatedly references the Factual Proffer and Plea Agreement, and this Court can take judicial notice under Federal Rule of Evidence 201(b)(2).

2

Count I against Neal fails because Barbuto did not comply with Florida Statutes section 770.01, which is a condition precedent to a suit for defamation, including defamation by implication. *Jews For Jesus, Inc. v. Rapp*, 997 So. 2d 1098, 1108 (Fla. 2008) ("All of the protections of defamation law that are afforded to the media and private defendants are therefore extended to the tort of defamation by implication.") Under section 770.01, titled "Notice condition precedent to action or prosecution for libel or slander," plaintiffs seeking to sue a media defendant must first "serve notice in writing on the defendant, specifying the article or broadcast and the statements therein which he or she alleges to be false and defamatory." § 770.01, Fla. Stat. (2020). Strict compliance with section 770.01 is required; "the statute requires the best possible notice." The "[f]ailure to comply with the notice provision of section 770.01 requires dismissal of the complaint for failure to state a cause of action." *Mancini v. Personalized Air Conditioning & Heating, Inc.*, 702 So. 2d 1376, 1377 (Fla. 4th DCA 1997); *accord Nelson v. Associated Press, Inc.*, 667 F. Supp. 1468, 1474-75 (S.D. Fla. 1987) ("Having failed to comply with § 770.01, Plaintiff's claim against AP must fail, since the statute is a condition precedent to her maintaining the suit."). Furthermore, Florida law is clear that the required notice must be served on both MHMC and Neal. *Mancini*, 702 So. 2d at 1378 ("The plain language of the statute makes no distinction between suits against the newspaper itself and the individuals who write for it, without whom there would be no "newspaper."); *Rendon,* 403 F. Supp. 3d at 1275-76.

Here, Barbuto does not plead that she provided presuit notice to Neal, nor could she because Barbuto did not provide presuit notice to Neal. Barbuto only pleads that she provided presuit notice to MHMC. Am. Compl. ¶ 7. Because Barbuto failed to provide presuit notice to Neal, her claim against Neal must be dismissed. *Mancini,* 702 So. 2d 1376 at 1380; *Nelson,* 667 F. Supp. at 1474-75.

**2. <u>Count I against Neal Fails Because the Articles are Privileged.</u>**

Barbuto concedes at least several of the statements come from government records, which were Barbuto's Plea Agreement and Factual Proffer. Am. Compl. ¶ 23 ("The 'admission of facts' referred to in the Articles refers to the Factual Proffer mentioned above. DE 163. The Articles thereafter list many of the statements in the Factual Proffer. The 'guilty plea' is the Plea Agreement, which was filed on the same day as the Factual Proffer. DE 162.") Barbuto's admission that the Articles rely on governmental records makes the publication of the statements privileged, and when such privileged statements and the remainder of the Articles are read together with the remaining statements sued upon, the gist is the same, and there can be no action with regard to the remaining statements. Under Florida law, the "news media has been given a qualified privilege to accurately report on the information they receive from government officials. This privilege includes the broadcast of the contents of an official document, as long as their account is reasonably accurate and fair, even if the official documents contain erroneous information." *Woodard v. Sunbeam Television Corp.*, 616 So. 2d 501, 502 (Fla. 3d DCA 1993) (internal quotation marks omitted) (citations omitted); *accord Alan v. Palm Beach Newspapers, Inc.*, 973 So. 2d 1177, 1180 (Fla. 4th DCA 2008) (same). Dismissal on a motion to dismiss is appropriate where it appears from the complaint that the statements at issue are privileged. As one appellate court has noted, "Moreover, the numerous cases cited by the parties confirm the fact that trial courts, upon motions to dismiss, routinely make decisions as to whether a privilege applies to protect an allegedly defamatory statement." *Huszar v. Gross,* 468 So. 2d 512, 516 (Fla. 1st DCA 1985). The gist of the remaining statements is the same as the privileged statements and the remainder of the Articles, making suit on the remaining statements untenable as well. See, e.g., *Smith v. Cuban Am. Nat'l Found.,* 731 So.2d 702, 706 (Fla. 3d DCA 1999).

4

### 3. Neal is Protected from Liability Under the Neutral Reporting Privilege.

Florida law is well settled that disinterested communications of matters of public concern are privileged, even if defamatory. *Rendon,* F. Supp. 3d at 1276 (citing *Abram v. Odham*, 89 So. 2d 334, 336 (Fla. 1956); *Huszar v. Gross*, 468 So.2d 512, 516 (Fla. 1st DCA 1985)). "However, neutral reporting privilege is only extended to disinterested and neutral reporting by members of the media." *Id.* (citing *Ortega Trujillo v. Banco Cent. Del Ecuador*, 17 F. Supp. 2d 1334, 1338 (S.D. Fla. 1998)). Additionally, whether the neutral reporting privilege protects the Articles is a legal determination that the Court can resolve on a motion to dismiss. *Id*.

Here, the Articles are the type of disinterested and neutral reporting that Florida law and the First Amendment are designed to protect. The main focus of the Articles is the outcome of the government's investigation into, and prosecution of, the multi-million dollar healthcare fraud of which Barbuto pled guilty to participating in. As this Court is fully aware, South Florida is a hotbed of healthcare fraud, and the crimes being committed as well as the outcomes of those investigations and prosecutions is unquestionably of concern to the South Florida community. Moreover, nothing about the Articles involves any opinions by Neal or anything other than a disinterested, factual reporting that used governmental documents as sources. Because the Articles are a disinterested account of newsworthy information, Neal is protected from liability. *Rendon,* F. Supp. 3d at 1277; *Corsi,* 2021 WL 626855, at *9. Because no amendment could overcome the neutral reporting privilege, the Amended Complaint must be dismissed with prejudice. *Corsi,* 2021 WL 626855, at *11.

### 4. Count I against Neal is Barred by the Statute of Limitations.

Count I against Neal fails, to the extent that it relies on Article 1, pursuant to the statute of limitations. In Florida, claims for defamation have a two-year statute of limitations. § 95.11(4)(g),

#85203110_v1

Fla. Stat (2020). Here, Article 1 was published on February 13, 2019 and Article 2 was published on October 13, 2019. Neal was not added as a party to the lawsuit until May 10, 2021. Because Barbuto did not assert a claim against Neal based upon Article 1 within two years, any claims against Neal based upon Article 1 are barred.

### 5. Neal is Entitled to Fees and Costs under Florida's Anti-SLAPP Statute.

Florida's anti-SLAPP statute prohibits a plaintiff from filing "any lawsuit ... against another person or entity without merit and primarily because such person or entity has exercised the constitutional right of free speech in connection with a public issue ... as protected by the First Amendment to the United States Constitution and s.5, Art. I of the State Constitution." Fla. Stat. § 768.295(3), Fla. Stat. (2020). The anti-SLAPP statute also provides that a court "shall award the prevailing party reasonable attorney fees and costs incurred in connection with a claim that an action was filed in violation of this section." Fla. Stat. § 768.295(4) (emphasis added). For the many reasons described above, Barbuto's lawsuit is meritless, and Neal has the right not to be subjected to meritless lawsuits filed only because he exercised his constitutional right to free speech in connection with a public issue—i.e. writing a column on a matter of public concern.

For the foregoing reasons, this Court should dismiss the Amended Complaint with prejudice.

**WHEREFORE**, Neal respectfully requests that this Court dismiss with prejudice the Amended Complaint as it pertains to Neal as well as award fees and costs in addition to any further relief this Court deems proper.

Respectfully submitted,

HOLLAND & KNIGHT LLP
Attorneys for Defendant David J. Neal
701 Brickell Avenue, Suite 3300

#85203110_v1

        Miami, Florida 33131
        (305) 374-8500 (telephone)
        (305) 789-7799 (facsimile)

By: /s/Sanford L. Bohrer
      Sanford L. Bohrer (FBN 160643))
      Email: sbohrer@hklaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of July 2021, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF System.

By: /s/Sanford L. Bohrer