UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-20608-BLOOM/Otazo-Reyes

TINA MARIE BARBUTO,

    Plaintiff,

v.

MIAMI HERALD MEDIA COMPANY,

    Defendant.
_____/

### ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant David J. Neal's ("Neal" or "Defendant") Motion to Dismiss Amended Complaint and Lawsuit with Prejudice, ECF No. [21] ("Motion"), filed on July 5, 2021. Plaintiff Tina Marie Barbuto ("Barbuto" or "Plaintiff") filed a response, ECF No. [26] ("Response"), to which Defendant filed a reply, ECF No. [29] ("Reply"). The Court has carefully considered the Motion, all opposing and supporting submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is granted in part and denied in part.

**I.    BACKGROUND**

This case arises from two articles written by Neal and published by the Miami Herald Media Company ("Miami Herald").[1] According to Plaintiff, the two articles that were published in print and online were defamatory. *See generally* ECF No. [10] ("Amended Complaint"). As a result, Plaintiff asserts claims of defamation and defamation *per se* (Count I) against Neal and the Miami Herald and vicarious liability for defamation and defamation *per se* against the Miami

---

[1] Plaintiff requested and obtained the entry of clerk's default against the Miami Herald Media Company on June 28, 2021. *See* ECF No. [19].

Herald (Count II). Neal seeks dismissal of the Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II.     LEGAL STANDARD

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration All.*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cnty. Sheriff's Off.*, 449 F.3d 1342, 1352 (11th Cir. 2006). "[T]he court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) when, on the basis of a dispositive issue of law, no construction of the factual

allegations will support the cause of action." *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993) (citations omitted).

Through this lens, the Court considers the Motion.

### III. DISCUSSION

In support of his request for dismissal, Neal advances three principal arguments: 1) Plaintiff failed to provide him with mandatory pre-suit notice; 2) the articles are privileged because several of the alleged statements come from government records; 3) he is protected under the neutral reporting privilege; and, 4) Plaintiff's claim against him is barred by the statute of limitations. Because the issue of pre-suit notice is dispositive, the Court considers it first.

#### A. Pre-suit notice

Neal argues that Plaintiff's claim should be dismissed because she did not provide him with pre-suit notice as required by Florida Statutes section 770.01. In response, Plaintiff does not dispute that she did not provide pre-suit notice to Neal, but rather contends that she was not required to because she provided notice to the Miami Herald, and such notice should be imputed to Neal.

Under Florida law,

> Before any civil action is brought for publication or broadcast, in a newspaper, periodical, or other medium, of a libel or slander, the plaintiff shall, at least 5 days before instituting such actions, serve notice in writing on the defendant, specifying the article or broadcast and the statements therein which he or she alleged to be false and defamatory.

Fla. Stat. § 770.01. It bears noting that the statute does not distinguish between a newspaper publisher and individual reporters, as it refers generally to "the defendant." As such, the statute has been interpreted as entitling individual reporters to pre-suit notice. *Mancini v. Personalized Air Conditioning & Heating, Inc.*, 702 So. 2d 1376, 1377 (Fla. 4th DCA 1997).

3

In *Mancini*, the court directly answered in the affirmative the question of whether a columnist for a local newspaper is entitled to pre-suit notice pursuant to section 770.01. *Id*. In so doing, the court held that "[b]ecause petitioner (defendant) falls within the statutory protection, she was entitled to pre-suit notice before respondent (plaintiff) could institute a libel action arising from allegedly defamatory statements made by defendant in her newspaper column." *Id*. Thus, according to *Mancini*, Neal is entitled to his own pre-suit notice.

Nevertheless, Plaintiff attempts to distinguish *Mancini* on the basis that the rationale for the court's holding was predicated on a statement that if reporters do not receive statutory notice it "would effectively circumvent the notice provisions of section 770.01 and eviscerate the intent of chapter 770 by allowing a plaintiff to sue newspaper reporters and columnists for libel and slander without naming the newspaper publisher." *Mancini*, 702 So. 2d at 1380.[2] The distinction Plaintiff attempts to draw, however, is one without a difference.

In *Mancini*, the defendant was an assistant state attorney who also wrote a regular weekly column in a local newspaper. *Id*. at 1377. The plaintiff claimed that statements in two of the columns written by the defendant were defamatory. *Id*. As in the instant case, the defendant sought dismissal based on the plaintiff's failure to comply with the statutory pre-suit notice requirement. *Id*. In response, plaintiff argued that section 770.01 did not apply to the defendant. *Id*. In rejecting this argument, the court stated unequivocally that

> [t]o the extent that plaintiff asserts that the statute is applicable only to actions against the newspaper itself, as opposed to the individuals writing for the newspaper, this restrictive interpretation of section 770.01 is not supported by the language of the statute.

---

[2] The full statement from the court's decision is that "***[t]aken to its logical extreme, the interpretation urged by plaintiff*** would effectively circumvent the notice provisions of section 770.01 and eviscerate the intent of chapter 770 by allowing a plaintiff to sue newspaper reporters and columnists for libel and slander without naming the newspaper publisher." *Id*. at 1380 (emphasis added).

4

*Id.* at 1378. Ultimately, the court concluded that the trial court had erred by not dismissing the claim against defendant based on plaintiff's failure to provide the requisite pre-suit notice. *Id.* at 1377, 1380.

*Mancini* supports Neal's assertion that he is entitled to his own pre-suit notice under section 770.01. Despite Plaintiff's suggestion that notice to the Miami Herald may be imputed to Neal, she has cited no case law supporting her assertion or such an interpretation of the pre-suit notice requirement contained in section 770.01. As such, Plaintiff's failure requires that her claim against Neal be dismissed. *See id.* at 1377 ("Failure to comply with the notice provision of section 770.01 requires dismissal of the complaint for failure to state a cause of action.") (citations omitted).

### B. Dismissal with or without prejudice

In the Motion, Neal requests that the Court dismiss the Amended Complaint with prejudice. However, only "[i]f the time to comply with the statutory precondition has expired, [should] the action [] be dismissed with prejudice." *Rendón v. Bloomberg, L.P.*, 403 F. Supp. 3d 1269, 1273 (S.D. Fla. 2019) (quoting *City of Coconut Creek v. City of Deerfield Beach*, 840 So. 2d 389, 393 (Fla. 4th DCA 2003)). Here, Plaintiff's defamation claim is based upon the statements made in two articles – Article 1, which was published on the Herald website on February 13, 2019, and Article 2, which was published on October 13, 2019. Under Florida law, a two-year statute of limitations applies to claims for defamation. *See* Fla. Stat. § 95.11(4)(g).

Defendant argues that to the extent that the claim against him relies on statements made in Article 1, it is barred by the statute of limitations because Plaintiff did not assert his claim against Neal until May 10, 2019. In response, Plaintiff does not dispute that Article 1 was published outside the two-year statute of limitations but contends that her claim against Neal premised upon it is not time-barred because the republication doctrine applies. Specifically, Plaintiff has alleged

5

that Article 2 contained a portion of text that hyperlinked to Article 1. *See* ECF No. [10] ¶ 25 n.7. However, Plaintiff has not cited, nor has the Court located, any authority to support her theory of republication as valid or recognized under Florida law. Indeed, at least one federal court in Florida has noted the lack of authority on this point. *See Klayman v. City Pages*, No. 5:13-cv-143-OC-22PRL, 2015 WL 1546173, at *12 (M.D. Fla. Apr. 15, 2015) ("Entirely out of an abundance of caution, the Court researched the issue and could not find any Florida authority for the proposition that providing links to statements already published, without more, republishes those statements.").

Plaintiff argues in her Response that her claim against Neal premised upon Article 1 escapes application of the statute of limitations by virtue of republication. However, the Amended Complaint contains no allegations plausibly stating that Plaintiff is relying upon such a theory. Indeed, the Eleventh Circuit has "repeatedly [ ]held that plaintiffs cannot amend their complaint through a response to a motion to dismiss." *Burgess v. Religious Tech. Ctr., Inc.*, 600 F. App'x. 657, 665 (11th Cir. 2015) (citing *Rosenberg v. Gould*, 554 F.3d 962, 967 (11th Cir. 2009)). *See also Tsavaris v. Pfizer, Inc.*, 2016 WL 375008, at *3 (S.D. Fla. Feb. 1, 2016) ("A plaintiff, though, cannot amend the complaint in a response to a motion to dismiss, for a court's review on dismissal is limited to the four corners of the complaint.") (citing *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002)). In addition, "if facts on the face of the pleadings show that the statute of limitations bars the action, the defense can be raised by motion to dismiss." *Spadaro v. City of Miramar*, 855 F. Supp. 2d 1317, 1328 (S.D. Fla. 2012) (citing *Cabral v. City of Miami Beach*, 76 So. 3d 324, 326 (Fla. 3d DCA 2011) ); *see also Keira v. U.S. Postal Inspection Serv.*, 157 F. App'x 135, 136 (11th Cir. 2005) ("At the motion-to-dismiss stage, a complaint may be dismissed on the basis of a statute-of-limitations defense only if it appears beyond a doubt that Plaintiffs can prove no set of facts that toll the statute.") (internal quotation marks and citation omitted). Here, the

Amended Complaint includes in a single count—Count 1—defamation claims based upon both Articles without reference to any theory of republication, and alleges that Article 1 was published on February 13, 2019, more than two years prior to the assertion of Plaintiff's claim against Neal. ECF No. [10] ¶¶ 1, 27-38. As a result, it is apparent from the face of the Amended Complaint that any claim of defamation against Neal based upon statements contained in Article 1 is barred by the applicable statute of limitations.[3]

### C. Request for fees and costs under Florida's Anti-SLAPP statute

Defendant requests fees and costs under Florida's Anti-SLAPP statute, arguing that Plaintiff's lawsuit is meritless and that he has the right not to be subjected to meritless lawsuits because he exercised his constitutional right to free speech in connection with a public issue. Florida's anti-SLAPP statute prohibits a person from filing a cause of action "against another person or entity without merit and primarily because such person or entity has exercised the constitutional right of free speech in connection with a public issue[.]" Fla. Stat. § 768.295(3); *see also* Fla. Stat. § 768.295(2)(a) (defining "[f]ree speech in connection with public issues" as "any written or oral statement that is protected under applicable law and . . . is made in or in connection with a . . . magazine article, musical work, news report, or other similar work."). The anti-SLAPP statute also provides that "[t]he court shall award the prevailing party reasonable attorney fees and costs incurred in connection with a claim that an action was filed in violation of this section." Fla. Stat. § 768.295(4) (emphasis added).

Plaintiff does not address Defendant's request in her Response. Nevertheless, upon review, the Court does not agree that Defendant is entitled to an award of fees and costs at this juncture

---

[3] Because the Court determines that Plaintiff's claim against Neal must be dismissed based upon her failure to provide the requisite pre-suit notice, the Court does not reach Defendant's additional arguments for dismissal.

7

because the Court has not addressed the merits of Plaintiff's claims, nor has the Court made the finding that Plaintiff's lawsuit as a whole is without merit. *Cf. Parekh v. CBS Corp.*, 820 F. App'x 827, 836 (11th Cir. 2020) (affirming award of fees and costs under Florida anti-SLAPP statute, where court determined that suit was without merit and arose out of protected First Amendment activity).

### D.  Request for leave to amend

Plaintiff has requested leave to amend. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Here, although Florida law directs that Plaintiff's failure to comply with the pre-suit notice requirement requires dismissal, "[i]f there remains sufficient time to comply with the statutory precondition, the action should be dismissed with leave to amend." *City of Coconut Creek v. City of Deerfield Beach*, 840 So. 2d 389, 393 (Fla. 4th DCA 2003).

### IV.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [21]**, is **GRANTED IN PART AND DENIED IN PART**. To the extent that Plaintiff's defamation claim against Neal is predicated upon the statements contained in Article 1, such claim is dismissed with prejudice. To the extent that Plaintiff's defamation claim against Neal is predicated upon the statements contained in Article 2, such claim is dismissed without prejudice for failure to comply with the pre-suit notice requirement contained in Florida Statutes section 770.01.

Plaintiff may file a second amended complaint once she has complied with the pre-suit notice requirement, but **no later than October 4, 2021**.

Case No. 21-cv-20608-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 17, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record