**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No. 21-cv-20608-BLOOM/Otazo-Reyes**

TINA MARIE BARBUTO,

    Plaintiff,

v.

MIAMI HERALD MEDIA COMPANY,
and DAVID J NEAL,

    Defendants.

_____/

## ORDER ON AMENDED MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT

**THIS CAUSE** is before the Court upon Plaintiff Tina Marie Barbuto's ("Barbuto" or "Plaintiff") Amended Motion for Entry of Default Final Judgment on Liability Against Defendant Miami Herald Media Company, ECF No. [57] ("Motion"), filed on June 21, 2022. The Court has carefully considered the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is denied.

The Court assumes familiarity with the facts in this case, as more fully set forth in the Court's previous orders. *See e.g.*, ECF No. [49]. For purposes of the Motion, the Court focuses on the procedural history. Plaintiff commenced this case on February 12, 2021, by filing her Complaint against Defendant Miami Herald Media Company (the "Miami Herald"), asserting one claim for defamation by implication with respect to two articles published on its website. *See* ECF No. [1]. On May 10, 2021, Plaintiff filed an Amended Complaint, ECF No. [10], adding a claim against Defendant David Neal ("Neal"). Thereafter, summonses were issued as to the Miami Herald and Neal, ECF No. [11], and Plaintiff proceeded with service of process. *See* ECF Nos. [12], [13].

When the Miami Herald failed to file a timely response to the Amended Complaint, the Court entered its Order on Default Procedures, ECF No. [14], setting a deadline for the Miami Herald to file a response, and in the event that the Miami Herald failed to do so, a deadline for Plaintiff to file a motion for entry of clerk's default.[1] When the Miami Herald again failed to file a response to the Amended Complaint, Plaintiff obtained the entry of a clerk's default against the Miami Herald. *See* ECF Nos. [18], [19].

Following the entry of clerk's default, the Court entered its Order on Default Judgment Procedure, ECF No. [20], pursuant to which Plaintiff filed a notice of joint liability, *see* ECF No. [22], asserting that Plaintiff was seeking joint and several liability against the Miami Herald and Neal. In the meantime, Neal filed a motion to dismiss directed toward the Amended Complaint, ECF No. [21], which the Court granted in part, finding that Plaintiff failed to serve Neal with the requisite pre-suit notice, and that any claim of defamation against him based upon statements contained in Article 1 was barred by the applicable statute of limitations. *See* ECF No. [33]. The Court permitted Plaintiff to file a second amended complaint. *Id*. at 8.

Plaintiff filed her Second Amended Complaint, ECF No. [34], asserting claims against Neal only. In response, Neal filed a motion to dismiss the claims in the Second Amended Complaint, which the Court granted, finding that Plaintiff failed to state a claim concerning Article 2, and that Neal was covered by the neutral reporting and fair reporting privileges. *See* ECF No. [49]. As a result, the Court entered final judgment in favor of Neal and against Plaintiff. ECF No. [50].[2]

---

[1] Neal also failed to file a timely response to the Complaint, but after entry of the Order on Default Procedures, he requested, and was granted, an extension of time to respond to the Complaint.

[2] Plaintiff filed an appeal, which was dismissed pursuant to her motion for voluntary dismissal. *See* ECF No. [55].

In the Motion, Plaintiff requests the entry of final default judgment against the Miami Herald on the claims asserted in the First Amended Complaint. The principal question raised by the Motion is whether the entry of default against the Miami Herald is still valid, and whether the Motion is proper, based upon this record. Upon review, the Court concludes that it is not.

It is well established that, "[a]n amended complaint, once filed, normally supersedes the antecedent complaint." *Russell-Brown v. Univ. of Fla. Bd. of Trs.*, No. 1:09-cv-00257-MP-GRJ, 2012 WL 1571393, at *3 (N.D. Fla. Mar. 21, 2012) (quoting *Connectu LLC v. Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008)); *see also Fritz v. Standard Sec. Life Ins. Co. of N.Y.*, 676 F.2d 1356, 1358 (11th Cir. 1982) ("Under the Federal Rules, an amended complaint supersedes the original complaint."); *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007) ("[A]n amended complaint supersedes the initial complaint and becomes the operative pleading in the case."); *Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006) ("An amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.") (internal quotations and citation omitted).

Here, the First Amended Complaint was superseded and replaced by the Second Amended Complaint, which asserted claims against Neal only. Although the Eleventh Circuit does not appear to have addressed the precise issue in this case, federal district courts in this circuit have concluded that the filing of an amended pleading moots the entry of default based on a previous pleading. *See Montgomery Bank, N.A. v. Alico Road Bus. Park, LP*, No. 2:13cv802, 2014 WL 757994, at * 2 (M.D. Fla. Feb. 26, 2014) ("The filing of an amended complaint similarly cures a party's default as to the superseded original complaint."); *Phoenix Ent. Partners, LLC v. Jellyfish, LLC*, No. 3:17cv929/MCR/GRJ, 2018 WL 10517181, at *1 (N.D. Fla. Apr. 12, 2018) ("[B]ecause

the default . . . was entered as to a pleading that has been superseded, the Clerk's entry of default is moot and no longer valid."); *Admiral Ins. Co. v. Ctr. Contracting Co. of Cent. Fla., LLC*, No. CV418-029, 2019 WL 5592857, at *1 (S.D. Ga. Apr. 17, 2019) (concluding that default pertaining to superseded complaint was moot). The Court finds these cases to be persuasive in supporting the conclusion that the default against the Miami Herald, which pertained to the First Amended Complaint, is no longer valid, and that the Motion therefore must be denied as moot.

The Court notes that Plaintiff appears to have anticipated a potential issue, stating in a footnote in the Second Amended Complaint that "[t]his Second Amended Complaint is directed at Defendant Neal only because a Clerk's Default was entered against Defendant Herald on the basis that it failed to respond to Plaintiff's Amended Complaint[.]" ECF No. [34] at 1 n.1. However, Plaintiff's statement is ineffective in salvaging her claims against the Miami Herald because a case can only have one operative pleading at a time. *Leigh v. Papillon*, No. 12-61439-CIV-MARRA, 2012 WL 12924972, at *1 (S.D. Fla. Oct. 31, 2012). As such, if Plaintiff intended to pursue her claims against the Miami Herald, she should have reasserted them in the Second Amended Complaint, and thereafter sought the entry of default with respect to the Second Amended Complaint.[3]

In any event, whether to grant default judgment is within a court's discretion. *Owens v. Benton*, 190 F. App'x 762, 763 (11th Cir. 2006). And, "[i]t is the general rule that default judgments are ordinarily disfavored because cases should be decided upon their merits whenever reasonably possible." *Creative Tile Mktg., Inc. v. SICIS Int'l,* 922 F. Supp. 1534, 1536 (S.D. Fla.

---

[3] This District's Local Rules explicitly mandate that "[a]ny amendment to a pleading, whether filed as a matter of course or upon a successful motion to amend, *must . . . reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference.*" S.D. Fla. L.R. 15.1 (emphasis added). Thus, Local Rule 15.1 provides additional support for the requirement that a litigant reassert all claims in its amended pleading.

Case No. 21-cv-20608-BLOOM/Otazo-Reyes

1996); *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). Based upon the record in this case, default judgment is not warranted.

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [57]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 21, 2022.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record