# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

November 28, 2022

Clerk - Southern District of Florida
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810



Appeal Number: 22-12478-BB
Case Style: Tina Barbuto v. Miami Herald Media Company
District Court Docket No: 1:21-cv-20608-BB

LIMITED REMAND

Enclosed is a copy of an order remanding this appeal on a limited basis for further proceedings. JURISDICTION OF THIS APPEAL IS BEING RETAINED BY THE ELEVENTH CIRCUIT.

This appeal will be held in abeyance in this court pending disposition of limited remand proceedings in your court.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Joe Caruso
Phone #: 404-335-6177

CLK-3 DC Letter with Ltd Remand order

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 22-12478-BB

_____

TINA MARIE BARBUTO,

                              Plaintiff - Appellant,

versus

MIAMI HERALD MEDIA COMPANY,

                              Defendant - Appellee,

DAVID J. NEAL,

                              Defendant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

Before: JILL PRYOR and GRANT, Circuit Judges.

BY THE COURT:

      Tina Barbuto appeals from the district court's order denying her motion for default judgment as to the Miami Herald Media Company ("Miami Herald"). However, the allegations in the amended complaint were insufficient to establish the citizenship of all the parties. *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 88 (2010); *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013). In response to the jurisdictional question ("JQ"), Barbuto seeks to amend the pleadings, but her proposed amendment would not correct this deficiency. The proposed amendment addresses only Barbuto's citizenship, does not identify Miami Herald's state

of incorporation, and does not address David Neal's citizenship. *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp.*, 559 U.S. at 88; *Travaglio*, 735 F.3d at 1269. Barbuto also has not provided us with record or supplemental evidence that would establish Miami Herald's or Neal's citizenship. *See Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1342-43, 1342 n.12 (11th Cir. 2011) (noting that we may also allow record evidence or a party's admissions, bolstered by record evidence, to cure deficiencies in jurisdictional pleadings).

Accordingly, Barbuto's construed motion to amend is DENIED, and this appeal is REMANDED to the district court for the limited purpose of determining the citizenship of the parties to establish whether diversity jurisdiction existed. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022-23 (11th Cir. 2004); *see also Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1228 (11th Cir. 2017) ("In the end, when the parties do not do their part, the burden falls on the courts to make sure parties satisfy the requirements of diversity jurisdiction. We must be vigilant in forcing parties to meet the unfortunate demands of diversity jurisdiction in the 21st century."). If the district court determines that the parties were completely diverse, then it should enter an order to that effect and return the record, as supplemented, to this Court for further proceedings.