UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-20608-BLOOM/Otazo-Reyes

TINA MARIE BARBUTO,

    Plaintiff,

v.

MIAMI HERALD MEDIA COMPANY, *et al.*,

    Defendants.

_____/

## ORDER UPON LIMITED REMAND

**THIS CAUSE** is before the Court upon the limited remand from the United States Court of Appeals for the Eleventh Circuit, ECF No. [64], in which the Eleventh Circuit directs the Court to determine whether complete diversity of jurisdiction exists in this case.

In this case, Plaintiff asserts claims for defamation against Defendants Miami Herald Media Company ("Miami Herald") and David Neal ("Neal"). The Amended Complaint in this case states that this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. *See* ECF No. [10] ¶ 12. Specifically, the Amended Complaint alleges that Plaintiff is a resident of New York. *Id*. ¶ 8. With respect to the Defendants, the Amended Complaint alleges that "Defendant Miami Herald Media Company's principal place of business is Sacramento, California; is registered in Florida as an active Foreign Profit Corporation doing business in Florida; and its registered agent is located in Plantation, Florida," and that Neal "is a resident of Miami-Dade County, Florida." *Id*. ¶¶ 9-10. Similarly, the Second Amended Complaint, ECF No. [34], alleges that Plaintiff is a resident of New York, and that "[u]pon information and belief,

Defendant Neal is a resident of Miami-Dade County, Florida[.]" ECF No. [34] ¶¶ 6-7. The basis asserted for jurisdiction in the Second Amended Complaint is also pursuant to 28 U.S.C. § 1332.[1]

Federal courts are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). District courts have diversity jurisdiction over cases in which the parties are completely diverse and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. "For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), 'all plaintiffs must be diverse from all defendants.'" *First Home Bank v. Net Zero LLC*, No. 3:20-cv-150-J-34MCR, 2020 WL 802518, at *2 (M.D. Fla. Feb. 18, 2020) (quoting *Univ. of S. Ala.*, 168 F.3d at 412)). "The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction, and if jurisdiction is properly challenged, that party also bears the burden of proof." *Ray v. Bird & Son & Asset Realization Co.*, 519 F.2d 1081, 1082 (5th Cir. 1975).[2]

Here, the jurisdictional allegations set forth in the Amended Complaint and the Second Amended Complaint are insufficient because they fail to adequately establish the citizenships of the parties. First, the allegations with respect to Plaintiff and Neal are insufficient because to properly allege citizenship of an individual, "[r]esidence alone is not enough." *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) (citations omitted); *see also Taylor*, 30 F.3d at

---

[1] As explained by Plaintiff, the Second Amended Complaint asserts claims against Neal only because Plaintiff obtained a clerk's default against the Miami Herald based upon its failure to respond to the Amended Complaint. *See* ECF No. [34] at 1 n.1.

[2] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions of the Court of Appeals for the Fifth Circuit issued prior to October 1, 1981.

1367 ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."). "Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction. . . . And domicile requires both residence in a state and 'an intention to remain there indefinitely[.]'" *Travaglio*, 735 F.3d at 1269 (quoting *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002)). Plaintiff alleges that he is a resident of New York and that Neal is a resident of Miami-Dade County, which is insufficient to properly allege citizenship. Moreover, to the extent that Plaintiff avers that Neal is a resident of Miami-Dade County based "upon information and belief," such a belief is insufficient to establish the jurisdictional threshold necessary to properly invoke the Court's jurisdiction. *See Dockery v. Hartford Ins. Co. of the Midwest*, No. 1:19-cv-21904-RNS, 2019 WL 8895231, at *1 (S.D. Fla. May 24, 2019) ("[Plaintiff's] belief as to [defendant's] citizenship does not qualify as a 'fact' establishing jurisdiction."); *Diamond Resorts U.S. Collection Dev., LLC v. Sumday Vacations, LLC*, No. 6:19-cv-00982-WWB, 2019 WL 10375473, at *1 (M.D. Fla. May 29, 2019) ("alleging citizenship on 'information and belief' is insufficient."); *Wilkins v. Stapleton*, No. 6:17-cv-1342-RBD, 2017 WL 11219132, at *1 (M.D. Fla. Aug. 1, 2017) ("DO NOT allege jurisdictional facts "on information and belief.") (emphasis in original).

Second, the allegations regarding the Miami Herald are also insufficient. For purposes of alleging diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). The Amended Complaint alleges the Miami Herald's principal place of business but does not allege the Miami Herald's state of incorporation. Thus, "the Court lacks sufficient information to satisfy the jurisdictional inquiry," and therefore supplemental citizenship information is necessary. *First Home Bank*, 2020 WL 802518, at *2.

Case No. 21-cv-20608-BLOOM/Otazo-Reyes

Accordingly, it is **ORDERED AND ADJUDGED** that, **on or before December 9, 2022**, Plaintiff shall provide the Court with a detailed statement setting forth the proper factual basis for invoking this Court's diversity jurisdiction. Plaintiff is advised that the failure to timely comply with this Order will result in dismissal of this case without prejudice for lack of subject matter jurisdiction. *See Univ. of S. Ala.*, 168 F.3d at 410 ("once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue.").

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 29, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record