UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-20608-BLOOM/Otazo-Reyes

TINA MARIE BARBUTO,

    Plaintiff,

v.

MIAMI HERALD MEDIA COMPANY, *et al.*,

    Defendants.

_____/

## ORDER REGARDING JURISDICTION

**THIS CAUSE** is before the Court following Plaintiff's submission of her Detailed Statement Regarding the Factual Basis for the Court's Diversity Jurisdiction, ECF No. [66] ("Statement"), and the Declaration of Tina Marie Barbuto, ECF No. [67] ("Declaration"), which Plaintiff filed in response to the Court's Order Upon Limited Remand, ECF No. [65] ("Order"). In the Order, the Court directed Plaintiff to provide a detailed statement setting forth the proper factual basis for invoking the Court's diversity jurisdiction.

Upon review of the Statement and Declaration, Plaintiff sufficiently establishes complete diversity of the parties. In the Statement, Plaintiff asserts that at the time of filing the First Amended Complaint and the Second Amended Complaint, Plaintiff was a citizen of New York, Defendant the Miami Herald Media Company ("MHMC") was a citizen of Delaware and California, and Defendant David Neal ("Neal") was a citizen of Florida. *See* ECF No. [66] at 1. According to the materials attached to the Statement, MHMC is incorporated in Delaware, with its principal place of business in California. *See* ECF Nos. [66-2], [66-3], [66-4], [66-5]. Plaintiff asserts further that Defendant Neal was and is a citizen of Florida, based upon his representation

Case No. 21-cv-20608-BLOOM/Otazo-Reyes

in response to the Second Jurisdictional Question issued by the Eleventh Circuit in this case. *See* ECF No. [66-1] at 5 ("Mr. Neal represents that he has been a citizen of Florida since 1989."). Finally, in her Declaration, Plaintiff asserts that she was and is a citizen of New York based upon her residence and intent to remain indefinitely. *See* ECF No. [67] at 1. As such, Plaintiff has established that there was complete diversity of the parties at the time of filing both the First and Second Amended Complaints.

Therefore, in accordance with the Eleventh Circuit's directive in the Limited Remand Order, ECF No. [64], it is **ORDERED AND ADJUDGED** that the record be returned as supplemented to the United States Court of Appeals for the Eleventh Circuit for further proceedings.

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 12, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record